United States District Court
Southern District of Texas
**ENTERED**
December 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| Kota Me Patates LLC, | § § § | |
| *Plaintiff,* | § § § | Case No. 4:23-cv-01573 |
| v. | § § | |
| Nationwide Mutual Fire Insurance Company, | § § § § | |
| *Defendant.* | § § | |

## MEMORANDUM AND RECOMMENDATION

Two motions are pending. Plaintiff Kota Me Patates LLC ("KMP") filed a motion to compel appraisal to abate this insurance coverage dispute. Dkt. 5. Defendant Nationwide Mutual Fire Insurance Company responded. Dkt. 6. The same day, Nationwide filed a separate motion for summary judgment asserting that the policy does not cover KMP's claimed losses, Dkt. 7, to which KMP responded, Dkt. 8, and Nationwide replied, Dkt. 11.

After carefully considering the briefs, the record, and the applicable law, it is recommended that Nationwide's motion for summary judgment be granted and KMP's claims be dismissed. It is further recommended that KMP's motion to compel appraisal be denied.

## Background

KMP had a business insurance policy with Nationwide (the "Policy"), effective from January 1, 2020 to January 1, 2021. Dkt. 7-1 (DX-1); Dkt. 7-2 ¶ 3 (DX-2, Dec. of Jeremy Rowell). The Policy states that it "includes Buildings ..., Business Personal Property ..., or both, *depending on whether a Limit of Insurance is shown in the Declarations* for that type of property." Dkt. 7-1 at 18 § A.1 (emphasis added). The referenced Declarations page explicitly states that coverage for KMP's building is "**NOT PROVIDED**[.]" Dkt. 7-1 at 13.

On January 24, 2022, a representative from the office of KMP's attorney contacted Nationwide to report a claim for structural damage to KMP's property. Dkt. 7-2 ¶ 4; *see also* Dkt. 7-3 (DX-3). The damage allegedly resulted from a plant explosion two years earlier, on January 24, 2020. Dkt. 7-2 ¶ 4.

That same day, KMP filed this suit against Nationwide Insurance Company of Florida in Texas state court, but later amended its petition to name Nationwide as the defendant. *See* Dkt. 1-1 at 1 (DX-A to notice of removal); Dkt. 1-3. The trial court later dismissed Nationwide Insurance Company of Florida from the suit. Dkt. 1-4. Nationwide then removed the suit to this Court. *See* Dkt. 1.

In the meantime, Nationwide contacted KMP's counsel to obtain more information about KMP's claim. *See* Dkt. 7-4 (DX-4); Dkt. 7-5 (DX-5). Eventually, KMP's attorney sent a formal notice of claim, stating that KMP

intended to invoke the Policy's appraisal provision. Dkt. 7-6 (DX-6). Nationwide requested more information, including an opportunity to inspect the asserted damage and a sworn proof of loss.[1] Dkt. 7-7, Dkt. 7-8 (DX-7 and DX-8, Feb. 14 and Feb. 16, 2022 emails to KMP's counsel); Dkt. 7-9 (DX-9, requesting submission of proof of loss).

KMP failed to provide the information that Nationwide requested. Nationwide therefore denied coverage for the loss, noting that KMP failed to "provide[] a description of how, when and where the loss or damage occurred," did not provide "prompt notice of the loss or damage," and failed to "submit a signed, sworn proof of loss" as requested. Dkt. 7-10 (DX-10, June 2022 letter).

Despite filing the suit months earlier, KMP's attorney finally sent Nationwide a demand letter on October 2, 2022. *See* Dkt. 1-7. The letter included an estimate of $92,508.92 to repair KMP's structure. *See id.* at 7-9.

In this Court, KMP filed a motion to compel appraisal and abate the suit, Dkt. 5, which Nationwide opposed, Dkt. 6. Nationwide instead filed a motion for summary judgment, Dkt. 7, to which KMP responded, Dkt. 8, and Nationwide replied, Dkt. 11.

---

[1] Nationwide includes many other factual allegations that are not substantiated by the exhibits it cites. *Compare* Dkt. 7 at 5-6 (citing paragraphs 7-11 of "Exhibit 2" regarding correspondence and an alleged inspection), *with* Dkt. 7-2 (DX-2, Decl. of Jeremy Rowell, which has only five paragraphs).

3

## **Legal standard**

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A dispute is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Westfall v. Luna*, 903 F.3d 534, 546 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material if the issue it addresses "could affect the outcome of the action." *Dyer v. Houston*, 964 F.3d 374, 379-80 (5th Cir. 2020) (quoting *Sierra Club, Inc. v. Sandy Creek Energy Assocs., L.P.*, 627 F.3d 134, 138 (5th Cir. 2010)).

When resolving a motion for summary judgment, courts must view the facts and any reasonable inferences "in the light most favorable to the nonmoving party." *Amerisure Ins. Co. v. Navigators Ins. Co.*, 611 F.3d 299, 304 (5th Cir. 2010) (internal quotation marks omitted). "[T]he court must disregard all evidence favorable to the moving party that the jury is not required to believe, and should give credence to the evidence favoring the nonmoving party …." *Union Pac. Res. Grp., Inc. v. Rhone-Poulenc, Inc.*, 247 F.3d 574, 584 (5th Cir. 2001). But "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment." *Luna v. Davis*, 59 F.4th 713, 715 (5th Cir. 2023) (quoting *Brown v. City of Hous.*, 337 F.3d 539, 541 (5th Cir. 2003)).

4

## Analysis

**I. Nationwide is entitled to summary judgment on all of KMP's claims.**

    **A. Lack of coverage forecloses KMP's breach of contract claim.**

Nationwide seeks summary judgment on KMP's breach of contract claim on multiple grounds, including that the Policy does not cover KMP's claim for damages to its building. *See* Dkt. 7 at 9-12. Given the clear Policy language, the Court need not address Nationwide's alternative contentions.

By its terms, the Policy excludes coverage for the structural damage underlying KMP's claim. The Policy states that it "includes Buildings ..., Business Personal Property ..., or both, *depending on whether a Limit of Insurance is shown in the Declarations* for that type of property." Dkt. 7-1 at 18 § A.1 (emphasis added). The Declarations page, in turn, states that coverage for KMP's building is "**NOT PROVIDED**[.]" Dkt. 7-1 at 13. Together, these provisions together make clear that KMP has no coverage for structural damage to its building.

KMP's response misses the point. KMP alleges that its property was "physically damaged beyond just cosmetic damage." Dkt. 8 at 3. But the Policy provides zero coverage for *any* damage to the building—whether cosmetic or structural. Because Nationwide did not breach the Policy by denying coverage, it is entitled to summary judgment on KMP's breach-of-contract claim.

### B. KMP has not raised a fact issue on its extracontractual claims.

Nationwide also argues that KMP cannot recover on its extracontractual claims for breach of the common law duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act ("DTPA") and Chapters 541 and 542 of the Texas Insurance Code, common law fraud, and civil conspiracy. Dkt. 7 at 13-14; Dkt. 11 at 3-5; *see also* Dkt. 1-3 at 5-14 (KMP's live pleading). Among other things, Nationwide contends that the lack of coverage, coupled with the lack of any injury independent of Policy benefits, forecloses any extracontractual basis for relief. *See* Dkt. 7 at 13-14; Dkt. 11 at 3-5. KMP's response fails to raise a fact issue on these extracontractual claims.

The absence of coverage for KMP's building poses a significant impediment to its extracontractual claims. For instance, Chapter 542 of the Texas Insurance Code, called the Texas Prompt Payment of Claims Act ("Prompt Payment Act"), provides a remedy only "if an insurer ... *liable for a claim* under an insurance policy" fails to comply with certain deadlines for responding to and paying a claim. *See* Tex. Ins. Code Ann. § 542.060(a) (emphasis added). Because KMP's claim is not covered, it cannot recover against Nationwide under the Prompt Payment Act. *See Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 813 (Tex. 2019) (no Prompt Payment Act damages if the insurer is not liable for the claim).

6

Nationwide also argues, and the Court agrees, that KMP's other claims for breach of the duty of good faith and fair dealing, violations of the Deceptive Trade Practices Act, and unfair settlement practices under Chapter 541 of the Texas Insurance Code are barred. Generally, "[w]hen the issue of coverage is resolved in the insurer's favor, extra-contractual claims do not survive." *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010); *see also Med. Care Am., Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Penn.*, 341 F.3d 415, 425-26 (5th Cir. 2003) ("[A]s a general rule there can be no claim for bad faith when an insurer has promptly denied a claim that is in fact not covered.") (internal quotation marks omitted). A narrow exception exists where the insured has sustained an injury "independent of a right to benefits" under the policy. *See USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2018). But the exception does not apply when the "statutory or extra-contractual claims 'are predicated on [the loss] being covered under the insurance policy' or if the damages 'flow' or 'stem' from the denial of the claim for policy benefits." *Id.* at 500 (quoting *Progressive Cnty. Mut. Ins. Co. v. Boyd*, 177 S.W.3d 919, 920 (Tex. 2005) (per curiam), and *Provident Am. Ins. Co. v. Castaneda*, 988 S.W.2d 189, 198-99 (Tex. 1998)).

KMP's response does not substantiate any damages distinct from Policy benefits. *See* Dkt. 8 at 8 (alleging these damages but citing no evidence). KMP mostly parrots *allegations* in its live pleading. *See id.* at 8-15 (no record cites).

7

Mere allegations do not constitute competent summary judgment evidence. *See Craig v. Martin*, 49 F.4th 404, 416 (5th Cir. 2022).

The affidavit of KMP's President and Owner, George Zoes, likewise fails to demonstrate any injuries beyond policy benefits. Zoes asserts that Nationwide's *denial of coverage* caused him "significant emotional distress including anxiety, worry, shock and indignity." Dkt. 8-1 ¶ 5. This assertion reflects that the asserted emotional distress "flow[s] or stem[s] from"—rather than being independent from—"the denial of the claim for policy benefits." *See Menchaca*, 545 S.W.3d at 500 (internal quotations marks omitted); *see also Lyda Swinerton Builders, Inc. v. Okla. Sur. Co.*, 903 F.3d 435, 452 (5th Cir. 2018) ("independent-injury rule" precludes recovery for "emotional distress caused by a mere denial of policy benefits"). Moreover, Zoes's contentions that his distress and unspecified "financial losses" constitute "independent injuries," Dkt. 8-1 ¶ 8-9, are too conclusory to raise a genuine issue of material fact. *See BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (party's "conclusory, self-serving statement" was insufficient to create a triable issue of fact); *see also Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990) ("The object of [Rule 56] is not to replace conclusory allegations of the complaint or answer with conclusory allegations of an affidavit.").

Citing Zoes's affidavit, KMP contends that Nationwide's misrepresentations about the Policy support KMP's fraud-related claims under

8

the common law, the DTPA, and Chapter 541 of the Texas Insurance Code. *See* Dkt. 8 at 5-6. But Zoes's assertions are wholly conclusory. They assert, without explication, that Nationwide made unspecified "misrepresentations regarding the extent of coverage for damages" to KMP's property "caused by an industrial facility explosion" like the one on January 24, 2020. Dkt. 8-1 ¶ 22. Elsewhere, Zoes states his unsubstantiated "belie[f]" that unidentified "material misrepresentations" must have occurred—at an unspecified time—because he would not have acquired Policy had he known it would not cover KMP's claim. *See* Dkt. 8-1 ¶ 25.

KMP's failure to substantiate what precise misrepresentations were made is fatal to its claims. But KMP also fails to show that any supposed misrepresentations pre-dated the Policy's acquisition, such that they could have induced KMP to purchase it. *See Johnson v. Allstate Vehicle & Prop. Ins. Co.*, 2017 WL 2985646, at *6 (S.D. Tex. July 13, 2017) ("Before any misrepresentation can be said to be actionable, it must have induced the purchase.") (internal quotation marks omitted). Bare allegations that an insurer "misrepresented the scope of" coverage are "not sufficient to show that the misrepresentation induced the purchase." *See id.* And KMP could not have justifiably relied on any oral representations that contravene the Policy's explicit statement that coverage for structural damage is "**NOT PROVIDED**," Dkt. 7-1 at 13. *See Johnson*, 2017 WL 2985646, at *6 (applying this principle

9

to reject justifiable reliance); *see also, e.g.*, *Mercedes-Benz USA, LLC v. Carduco, Inc.*, 583 S.W.3d 553, 555, 559 (Tex. 2019) (no justifiable reliance if misrepresentations directly contradict the terms of a contract). The dearth of evidence that Nationwide made any actionable misrepresentation on which KMP justifiably relied precludes KMP's fraud-related claims premised on common law, the DTPA, and Chapter 541 of the Texas Insurance Code.

Finally, KMP's lack of any actionable tort claim forecloses recovery for civil conspiracy. Under Texas law, civil conspiracy claims are derivative; they depend on some other cause of action. *See Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007). Because Nationwide is entitled to summary judgment on KMP's other claims, KMP has no claims left to which its civil conspiracy claim can attach. *See Alliantgroup, L.P. v. Feingold*, 803 F. Supp. 2d 610, 630 (S.D. Tex. 2011) (summary judgment on all other tort claims necessarily defeated civil conspiracy claim). Summary judgment is warranted on all of KMP's extra-contractual claims.

## II. **KMP's request for appraisal is denied.**

The disposition of KMP's breach of contract claim defeats its request to compel appraisal. *See* Dkt. 5. The purpose of appraisal is to "resolve disputes concerning a property's value or the amount of a covered loss." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405 (Tex. 2011). As Nationwide correctly notes, appraisal is pointless when, as here, the Policy explicitly states

that the loss is not covered. *See* Dkt. 6 at 6; *see also supra* Part I.A; *see also, e.g., State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 895 (Tex. 2009) (denial of appraisal is appropriate where coverage "is so unlikely" that it can be rejected beforehand). The Court therefore denies KMP's motion to compel appraisal.

## Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Defendant Nationwide Mutual Fire Insurance Company's motion for summary judgment (Dkt. 7) be **GRANTED** in its entirety.

It is further **ORDERED** that Plaintiff Kota Me Patates LLC's motion to compel appraisal and abatement (Dkt. 5) is **DENIED.**

It is further **RECOMMENDED** that the Court enter a separate final judgment under Fed. R. Civ. P. 58(a) that Plaintiff take nothing on its claims.

**The parties have fourteen days from service of this Report and Recommendation to file written objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.** *Ortiz v. City of San Antonio Fire Dep't*, **806 F.3d 822, 825 (5th Cir. 2015).**

Signed on December 21, 2023, at Houston, Texas.

_____
Yvonne Y. Ho
United States Magistrate Judge